**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JONATHAN LANDERS,

                Plaintiff,

v.                                       CIVIL ACTION NO. 2:07-cv-00582

C & O INCORPORATED,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion to Dismiss [Docket 11]. Because the defendant has presented materials outside the pleadings, the court will, pursuant to Fed. R. Civ. P. 12(b), treat the motion as one for summary judgment. For reasons set forth below, the defendant's motion is **DENIED**.

**I. Background**

The plaintiff filed this suit on September 18, 2007, alleging that the defendant[1] violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by not paying the plaintiff overtime. Specifically, the plaintiff alleged that he was employed by the defendant and that he was not paid time-and-a-half for the times he worked overtime. (Compl. [Docket 1].) The defendant admitted that it employed the plaintiff at its parts counter and that it did not pay the plaintiff time-and-a-half.

---

[1] The complaint lists C & O Incorporated as the defendant in this case. In its answer, however, the defendant indicated that it is actually known and incorporated as C & O Motors, Inc. Accordingly, the court will treat C & O Motors as the defendant in this case.

Nevertheless, the defendant denied it was liable under the FLSA. According to the defendant, the overtime provisions of the FLSA do not protect the plaintiff. (Ans. [Docket 7].)

On November 20, 2007, the defendant filed a motion to dismiss. The defendant argues that an exemption to the FLSA's overtime provisions applies and that the plaintiff is not entitled to relief. Attached to the defendant's motion is the affidavit of Joan Bartlett, the office manager of the defendant. Ms. Bartlett avers that the plaintiff was employed as a "partsman" in the parts department at the defendant's Toyota/Lexus dealership from 2001 until September 7, 2006. (Aff. of Joan Bartlett ¶ 3, Attach. to Mot. to Dismiss.) Also attached to the motion are employee master lists that list the department the plaintiff worked in as "Toy/Lex Parts." The plaintiff has not responded to the motion.

## II. Standard for Summary Judgment

The defendant styles its motion a "motion dismiss," and lists as the grounds for dismissal (1) that the complaint fails to state a claim upon which relief can be granted; (2) that the court lacks subject matter jurisdiction in this case. Rule 12(b) of the Federal Rules of Civil Procedure states that if a party moves for dismissal based on the failure of a pleading to state a claim upon which relief can be granted and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Because the defendant has attached evidentiary materials to its motion, the court will treat the motion as one for summary judgment under Fed. R. Civ. P. 56.

Rule 56 requires that the party seeking summary judgment show that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-

finder could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court will not, however, "weigh the evidence and determine the truth of the matter." *Id.* at 249. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

**III. Discussion**

The FLSA provides that "no employer shall employee any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The overtime requirement embodied in § 207 does not apply, however to "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." 29 U.S.C. § 213(b)(10)(A).

To qualify for the exemption, the establishment must (1) "not be engaged in manufacturing," and (2) "be primarily engaged in the business of selling automobiles, trailers, trucks, farm implements or aircraft to the ultimate purchaser." 29 C.F.R. § 779.372(b)(1). To be "primarily engaged" in the selling of the specified goods means "that over half of the establishments annual dollar volume of sales made or business done must come from sales of the enumerated vehicles." 29 C.F.R. § 229.372(d). A "partsman" is, for the purposes of the exemption, "any employee employed for the purpose of and primarily engaged in requisitioning, stocking, and dispensing parts." 29 C.F.R. § 229.372(c)(2). A partsman is primarily engaged in the designated activities if

"that major part or over 50 percent" of the partsman's time is spent selling or servicing the enumerated vehicles. 29 C.F.R. § 229.372(d).

As a general rule, "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). Moreover, "it is well settled that '[e]xemptions from or exceptions to the Act's requirements are to be narrowly construed against the employer asserting them.'" *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1267 (4th Cir. 1996) (citing *Johnson v. City of Columbia*, 949 F.2d 127, 129-30 (4th Cir. 1991)).

The defendant has failed to meet is burden of showing that the "partsman" exemption applies in the present case. Ms. Bartlett's affidavit and the materials attached to it do not mention whether the defendant, C & O Motors is engaged in manufacturing or not. Nor do these evidentiary materials suggest that the defendant is primarily engaged in the business of selling vehicles. Nowhere does the defendant indicate with any specificity what sort of business it is. The materials do suggest that the defendant is a car dealership that would serve as an "establishment" under the exemption. Given that the burden is on the defendant to prove that the exemption applies, and given that the issue is before the court on summary judgment, the court cannot assume that the defendant is an establishment to which the exemption under 29 U.S.C. § 213(b)(10)(A) applies.

Likewise, the defendant has not shown that the plaintiff is a partsman as contemplated by the FLSA. Ms. Bartlett avers that the plaintiff was referred to as a partsman and that he worked in the parts department of the defendant's Toyota/Lexus dealership. (Aff. of Joan Bartlett ¶ 3, Attach. to Mot. to Dismiss.) In addition, the employee master lists provided by the defendant indicate that the plaintiff worked in the parts department. It is clear, however, that "job titles are not

determinative in identifying exempt employees." *Sutherland v. SOSi Int'l, Ltd.*, No. 1:07-cv-557, 2007 WL 2332412, at *2 (E.D. Va. Aug. 10, 2007). In addition, "neither the name given to his position nor that given to the work that he does is controlling." *Id.* (citing *Smith v. United Parcel Serv.*, 890 F. Supp. 523, 526 (S.D. W. Va. 1995)). The defendant has not described the plaintiff's job duties. The defendant also has not demonstrated that the plaintiff was primarily engaged in parts-related activity. Consequently, the defendant has not met its burden of showing that the exemption to the FLSA's overtime provisions is applicable in the instant case.

### IV. Conclusion

The court **FINDS** that the defendant has not demonstrated that it entitled to judgment as a matter of law and **DENIES** the defendant's motion.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:   December 17, 2007

*[signature]*
Joseph R. Goodwin, Chief Judge